**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4574**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES GIPSON,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Robert C. Chambers, District Judge.  (2:21-cr-00092-1)

─────────────

Submitted:  September 14, 2023             Decided:  September 18, 2023

─────────────

Before WILKINSON, GREGORY, and RICHARDSON, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Julie M. White, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Gipson appeals his conviction following his guilty plea to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Initially, Gipson attempted to enter a plea of no contest to the charge, but the Government objected. Following briefing from the parties, in which Gipson's counsel argued only that Gipson could enter a no contest plea despite the Government's objection, the district court issued an order barring Gipson from pleading no contest. Gipson subsequently pled guilty, and the court sentenced him to 120 months' imprisonment. On appeal, Gipson asserts that his counsel rendered ineffective assistance by failing to argue that permitting a no contest plea would serve the public interest in the administration of justice. He further argues that counsel's failure to adequately argue that a no contest plea was warranted left him with no choice but to enter a guilty plea, and therefore his guilty plea was involuntary. We affirm.

We do not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Given that the district court thoroughly explained that Gipson's history and characteristics indicated that a no contest plea would not serve the public interest, the present record does not conclusively establish that counsel rendered ineffective assistance in failing to address that issue. Accordingly, we decline to address Gipson's ineffective assistance of counsel claim on appeal. Gipson's claim is more appropriately raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

2

As to Gipson's guilty plea, because Gipson neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his challenge to the plea's validity only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Gipson "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). A district court must also "ensure that the defendant is competent to enter the plea." *United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012) (internal quotation marks omitted). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

On appeal, Gipson claims that his counsel's failure to adequately argue for a no contest plea essentially forced him to plead guilty by leaving him with no other options. However, Gipson could have chosen to plead not guilty. Further, the district court conducted a thorough plea colloquy that substantially complied with the requirements of Rule 11. The court confirmed that Gipson was competent, specifically determined that Gipson was satisfied with his counsel's services, and ensured that Gipson's plea was knowing, voluntary, and supported by a sufficient factual basis. And Gipson has failed to rebut the presumption of truthfulness accorded his "solemn declaration of guilt." *United*

3

*States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (internal quotation marks omitted).

Therefore, we conclude that Gipson's guilty plea is valid.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*